■ In the Matter of ANDREW HARBISON, SR., et al., Respondents, against CITY OF BUFFALO et al., Appellants.— Order modified on the law in accordance with the memorandum and as modified affirmed, with $50 costs and disbursements to the petitioners. Memorandum: We agree with the conclusion reached by the Special Term that the petitioners are entitled to the license applied for upon compliance with all the requirements preliminary to the issuance thereof as provided in article XIII of the ordinances of the City of Buffalo. The provisions of section 18 of chapter LXX of the said ordinances in relation to the termination of nonconforming uses may not be employed to deprive the petitioners of a license to do business and to prevent the nonconforming use of their premises. Whatever the law may be in California or Florida or other jurisdictions, in this State, the rule is as stated in *People v. Miller* (304 N. Y. 105, 107, 109), to wit: "It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance." In holding that the keeping of pigeons as a pastime or hobby did not come within the general rule, the court said: "This rule, with its emphasis upon pecuniary and economic loss, is clearly inapplicable to a purely incidental use of property for recreational or amusement purposes only." The New York rule was stated in *Matter of 440 E. 102nd St. Corp.* v. *Murdock* (285 N. Y. 298) and in *Town of Somers* v. *Camarco* (308 N. Y. 537). In *Matter of Franmor Realty Corp.* v. *Le Boeuf* (201 Misc. 220, affd. 279 App. Div. 795) the question was in relation to nonuser or abandonment of a nonconforming use. That case is not here relevant. The order appealed from should be modified by deleting therefrom the provision for injunctive relief in the last ordering paragraph. Injunctive relief may not be had in a proceeding under article 78 of the Civil Practice Act. (*Matter of Gapinski* v. *Zoning Board of Appeals of Town of Cheektowaga*, 3 A D 2d 976.) All concur. (Appeal from order of Erie Special Term directing defendants to issue to petitioners a wholesale junk license.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES M. FENNELL, Appellant.— Order reversed in the exercise of discretion and matter remitted to the Oswego County Court for rehearing. Memorandum: The defendant gave testimony at the hearing to the effect that he was not represented by counsel at any stage of the proceedings nor was he advised of his right to counsel. The only evidence submitted by the District Attorney was a statistical sheet and the judgment roll, all of which are silent as to the point in issue. A close question is presented as to whether or not the defendant's evidence overcomes the presumption of regularity. It does not appear on this record that the District Attorney has exhausted all of the possibilities on his part for the submission of evidence available to him or within his control. The testimony does not disclose whether any other records were made at the time or, if so, whether they are available or have been lost or destroyed. Neither does it disclose whether or not the former District Attorney or any court personnel present at the time are now available for questioning. All concur. (Appeal from an order of Oswego County Court dismissing defendant's application for resentencing as a first offender, and remanding defendant to the custody of the Warden of Attica Prison.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.