SCHWARTZ and wife, Appellants, v. HANDORF and wife, Respondents.

*April 8—May 5, 1959.*

232

234

For the appellants there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondents there was a brief by *Becker, Kinnel, Doucette & Mattison* of Milwaukee, and oral argument by *Joseph J. Doucette.*

CURRIE, J. The learned trial court was in error in holding that the alleged contract of purchase and sale violated the statute of frauds. The applicable statute is sec. 240.08, which provides as follows:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

The defendant landowners had signed the acceptance of the plaintiffs' offer to purchase after the insertion therein of the easement provision. It is immaterial that the plaintiff purchasers had not signed the contract after the making of such insertion if they actually accepted it in some other manner. *Heins v. Thompson & Flieth Lumber Co.* (1917), 165 Wis. 563, 163 N. W. 173. The statute only requires that the contract "be subscribed by the party by whom the . . . sale is to be made."

The alteration of plaintiffs' offer to purchase by insertion of the reservation of the easement, which occurred after the plaintiffs had signed the offer but before the defendants had signed the acceptance thereof, constituted such altered offer to purchase a counteroffer. *Pick Foundry, Inc., v. General*

*Door Mfg. Co.* (1952), 262 Wis. 311, 317, 55 N. W. (2d) 407.

The brief in behalf of the respondent landowners does not take issue with the above-enunciated principles of law. In fact, such brief concedes that the issues on this appeal are limited to the following:

(1) Was such counteroffer revoked prior to the attempted acceptance thereof by the plaintiffs?

(2) Did the plaintiffs ever accept such counteroffer so as to cause a valid contract of purchase and sale to come into being?

### *Revocation of Counteroffer.*

With respect to the issue of alleged revocation, the defendants did not plead the same as a defense and the trial court did not find that such a revocation had occurred *prior to Geraghty's receipt of the $500 of money orders on March 29, 1958.* While the trial court did find that during the week of March 23, 1958, the defendants attempted to negotiate with the plaintiffs for the sale of that part of the farm less the 30 acres which the county was interested in buying, it did not find that the same constituted a revocation of the outstanding signed counteroffer providing for the sale to the plaintiffs of the 48-acre tract. Such a revocation would be inconsistent with finding No. 6 that the defendants' broker and salesman during the week of March 23d had repeatedly advised the plaintiffs to pay the second $500 called for by the counteroffer.

We also consider the contents of the letter written by defendants' counsel to the plaintiffs under date of April 3, 1958, to be of great significance with respect to the claim now made that the counteroffer had been revoked prior to Geraghty's receipt of the $500 of money orders on March 29th. Not only does such letter not claim that any such

prior revocation had occurred, but it expressly states, "We, therefore, hereby revoke this counteroffer *at this time* and we are returning to you your check for $500 and five money order[s] of $100 apiece." (Emphasis supplied.)

When Geraghty was questioned about such letter of April 3, 1958, he testified as follows:

"I was in contact with my attorney and told them the problem, that Mr. Schwartz, the buyer, hadn't brought in the money and *there were two outstanding conflicting offers* and that I received the $500 in money orders from the Schwartzes; and he advised me that the only thing to do, to bring the matter to a head, is when we couldn't obtain the old offer, we had no assurance as yet that this offer was acceptable, we had nothing in writing, so I mailed the money orders to my attorney and he proceed according to his best judgment." (Emphasis supplied.)

The act of the defendants in granting the option to purchase 30 acres to the county on March 28th cannot constitute a revocation of the counteroffer because such fact was not communicated to the plaintiffs.

We find no merit to defendants' contention that the counteroffer had been revoked prior to the receipt of plaintiffs' money orders for $500.

*Acceptance of Counteroffer.*

When the defendants altered plaintiffs' original offer to purchase by insertion of the reservation of easement, this amounted to a rejection of the same and it was no longer of any legal significance. Restatement, 1 Contracts, pp. 45, 46, sec. 38. Therefore, in so far as the plaintiffs were concerned, the only outstanding offer at the time of forwarding the $500 in money orders was the counteroffer. It is our considered judgment that the forwarding of this $500 on March 28th and the receipt of the same by defendants'

broker, Geraghty, on the 29th constituted an acceptance of the counteroffer.

The prior course of conduct between the plaintiffs and Geraghty and Karpinski established that this second $500 was to be paid after the lawyer for the plaintiffs approved the easement clause. It necessarily follows from this that the tender of payment of such $500 with no strings attached was subject to no other interpretation than that the plaintiffs were now satisfied with such easement clause and had accepted the counteroffer. While the failure of the plaintiffs to pay the $500 to Geraghty on the 28th may have given the defendants the right to revoke the counteroffer before actual receipt of the $500 on the 29th, the defendants did not do so. Under the existing facts, we cannot hold that the time for acceptance of the counteroffer had already expired when the $500 was so received by Geraghty on the 29th.

The findings of the trial court stress the fact that the plaintiffs failed to comply with the request of defendants' broker to return the copy of plaintiffs' original offer to purchase. Such copy did not contain the reservation of easement and did not bear the signatures of the defendants to the printed acceptance clause. We cannot construe the return of such copy as a required condition precedent to the plaintiffs' acceptance of 'the counteroffer, but view the broker's request for the return of the same to be a collateral issue of no legal significance.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.