(No. 35372.—

COUNTY OF DU PAGE, Appellee, *vs.* ELMHURST-CHICAGO STONE CO., Appellant.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

Rathje & Woodward, of Wheaton, and L. Louis Karton, of Chicago, for appellant.

William J. Bauer, State's Attorney, and Edward J. Vertovec, Assistant State's Attorney, both of Wheaton, for appellee.

Louis Ancel and Jack M. Siegel, and Aymer D. Davis, both of Chicago, and Lee E. Daniels, of Elmhurst, for intervenors.

Mr. Justice Klingbiel delivered the opinion of the court:

Du Page County brought suit in the circuit court of that county to enjoin the Elmhurst-Chicago Stone Company from violating certain set-back requirements of the county zoning ordinance. Intervening petitions seeking similar relief were filed by the Elmhurst Park District and several individual property owners. After a hearing an injunction was ordered as prayed. Defendant appeals, the circuit court having certified that the validity of a county zoning ordinance is involved and that the public interest requires an appeal directly to this court.

The property in question is a 30-acre tract of land west of and adjoining the city of Elmhurst. It is bounded on the east by West Avenue, on the south by railroad tracks, on the west by State Route 83 as to the southerly portion and Elmhurst Park District as to the northwest portion, and on the north by Second Street. For many years defendant has operated an open pit limestone quarry in Elmhurst just east of West Avenue. The subject property was purchased in 1924 for its limestone deposits, and switch tracks were constructed across the avenue.

On May 1, 1957, the present ordinance became effective prohibiting, in manufacturing districts, any use of land (with exceptions not relevant here) within 200 feet of a residence district, within 40 feet of a street or railroad, and within 500 feet of a residence district unless screened by a solid wall or uniformly painted solid fence at least eight feet high. The Park District property on the west is zoned in a residential classification, and residence districts also exist to the north of the subject property on the other side of Second Street, and to the south across

the railroad tracks. After the ordinance became effective, excavating operations were conducted within 200 feet from an adjoining residence district, whereupon the present proceedings were instituted. The decree restrains defendant from excavating or doing any quarrying within 200 feet from the boundary line of the park and from the center line of Second Street on the north, or within 40 feet from the railroad right-of-way line on the south, 40 feet from the right-of-way line of Highway 83 on the west, and 40 feet from the right-of-way line of West Avenue on the east. The defendant was further enjoined from using any property within 500 feet of a residential district "unless said property is enclosed with a solid wall or uniformly painted solid fence at least eight feet in height."

Defendant contends that the tract in question was purchased and used as part of its quarry operation long before passage of the ordinance, and that such use of the tract in its entirety is a legal nonconforming use, the pursuit of which is protected under the statute and the ordinance as well as by constitutional requirements. The statute in relation to county zoning provides that "The powers by this Act given shall not be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted." (Ill. Rev. Stat. 1957, chap. 34, par. 152i.) The ordinance of Du Page County contains a provision permitting the continuance of a nonconforming use of land, provided that such use "shall not be expanded or extended beyond the area included in the ownership existing at the time it became non-conforming."

The parties are in agreement that the fundamental question in this case is whether defendant had established a nonconforming use of the subject property when the present zoning ordinance was adopted. Under the terms of the ordinance classifying the property in an M-2 district, quarrying is a permitted use, but the effect of the set-back

requirements is to prevent such use of a substantial portion of the tract. It is undisputed that there was no actual removal of stone therefrom prior to enactment of the ordinance. The record shows, however, that the land was acquired because of its reserves in limestone; that switch-tracks were installed thereon in 1924 or 1925 which were used for conveying overburden, for switching cars of crushed stone for shipping purposes, and for stock-piling. Stone produced by the quarrying operation on the east side of West Avenue was moved to the subject property for use at a concrete plant situated there, and for stock-piling, about one-half of its area being utilized for such purposes. The operations conducted at the old quarry east of West Avenue consisted of drilling, blasting, loading the stone into cars or trucks, running it through different reducing crushers, and preparing it for delivery. At the time the subject property was acquired it contained a factory for making cement products, occupying two or three acres, and an asphalt plant which took up about half an acre. Part of the tract was farmed for weed control.

Defendant argues that the subject property is shown to have been a part of the quarrying operation since the time it was acquired, that it was devoted to quarry use even though stone was not yet being removed; and that in 1957, when the present zoning ordinance was adopted, it was being put to a legal nonconforming use as to the restrictions or limitations imposed thereby. The plaintiff contends that since no excavation for the removal of stone therefrom had taken place prior to passage of the ordinance there was no nonconforming use relieving defendant of the set-back requirements and other restrictions.

While the precise question presented has not heretofore been considered by this court, the rules applicable to nonconforming uses are well settled. To show a right to such use it is not enough that both the old and the new uses fall

within the same general classification. It is the particular business that governs. (*Dube* v. *City of Chicago,* 7 Ill.2d 313; *Wechter* v. *Board of Appeals,* 3 Ill.2d 13.) Hence the mere fact that the property may have been used for some kind of manufacturing purpose on and prior to passage of the ordinance does not entitle defendant to devote it to a different one, even though it may be in the general category of manufacturing. So also an expansion of a use to land not formerly used, or the employment of new methods or instrumentalities, may be beyond the scope of a previous nonconforming use, where it operates to change the original nature and purpose of the undertaking. (*Dube* v. *City of Chicago,* 7 Ill.2d 313.) As a general rule it is necessary, to entitle an owner to the protection of a lawful nonconforming use, that the property be in actual use, as distinguished from a merely contemplated use, when the zoning restriction becomes effective.

In applying the rules of zoning law, however, the facts in each particular case must be taken into consideration. (*Herman* v. *Village of Hillside,* 15 Ill.2d 396, 407.) This is not the usual case of a business conducted within buildings, nor is the land held merely as a site or location whereon the enterprise can be conducted indefinitely with existing facilities. In a quarrying business the land itself is a material or resource. It constitutes a diminishing asset and is consumed in the very process of use. Under such facts the ordinary concept of use, as applied in determining the existence of a nonconforming use, must yield to the realities of the business in question and the nature of its operations. We think that in cases of a diminishing asset the enterprise is "using" all that land which contains the particular asset and which constitutes an integral part of the operation, notwithstanding the fact that a particular portion may not yet be under actual excavation. It is in the very nature of such business that reserve areas be maintained which are left vacant or devoted to incidental uses until they are

needed. Obviously it cannot operate over an entire tract at once.

In this case quarrying had been conducted long before 1925 on defendant's property east of the avenue; and since that time switch tracks have been maintained connecting it with the subject tract, upon which stone has been stockpiled for many years. It is evident that under these circumstances the property in question must be considered a part of a single enterprise or business, in continuous operation at the time the ordinance became effective and for a long period of time prior thereto. Cf. *Herman* v. *Village of Hillside,* 15 Ill.2d 396.

This court has long recognized that it would be manifestly unjust to deprive an owner of property of the use to which it was lawfully devoted when the ordinance became effective. (*City of Aurora* v. *Burns,* 319 Ill. 84, 96.) The present ordinance also recognizes the right to continue a nonconforming use, and under familiar rules of construction it is the duty of a court to give it such construction as will prevent its running counter to constitutional provisions, if such may reasonably be done. (*Douglas* v. *Village of Melrose Park,* 389 Ill. 98.) We conclude that under the facts of this case the subject property in its entirety was devoted to a nonconforming use within the meaning of the ordinance, excepting the defendant from the restrictive terms thereof, and that the circuit court erred in ordering an injunction.

In view of our holding hereinabove expressed, it is unnecessary to pass upon the constitutional question raised by the defendant.

The decree of the circuit court of Du Page County is reversed, and the cause is remanded with directions to enter a decree conforming to the views herein expressed.

*Reversed and remanded, with directions.*