STATE EX REL. PETERSON, Appellant, v. BURT, Building Inspections Superintendent, and others, Respondents.*

*No. 198. Argued March 6, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 207.)

---

* Motion for rehearing denied, with costs, on June 3, 1969.

For the appellant there were briefs and oral argument by *Ray A. Peterson* of Madison, *pro se.*

For the respondents there was a brief by *Edwin Conrad,* city attorney, and *Frederick W. Fischer,* assistant city attorney, both of Madison, and oral argument by *Mr. Fischer.*

WILKIE, J. The sole issue presented on this appeal is as follows: Does sec. 28.05 (3) (f) 1, Madison General Ordinances, providing for relinquishment of nonconforming use if such use is discontinued for a continuous period of one year, eliminate the necessity of proving intent to abandon?

It is undisputed that the two residential buildings in question were vacant from at least September of 1966 to September of 1967.

Sec. 28.05 (3) (f) 1, Madison General Ordinances, provides:

"If the nonconforming use of a building or structure, all or substantially all of which is designed or intended for a use which is not permitted in the district in which it is located, *is discontinued for a continuous period of one year,* it shall not thereafter be occupied or used except by a use which conforms to the use regulations of the district in which it is located." (Emphasis added.)

This ordinance was adopted under the enabling statute, sec. 62.23 (7) (h), Stats., which reads as follows:

"The lawful use of a building or premises existing at the time of the adoption or amendment of a zoning ordinance may be continued although such use does not conform with the provisions of the ordinance. Such nonconforming use may not be extended. The total structural repairs or alterations in such a nonconforming building shall not during its life exceed 50 percent of the assessed value of the building unless permanently changed to a conforming use. *If such nonconforming use is discontinued for a period of 12 months, any future use of the building and premises shall conform to the ordinance.*" (Emphasis added.)

On the basis of these authorities, the trial court concluded that because these residential buildings had remained vacant and unoccupied for a continuous period of at least one year, the right to continue the nonconforming residential use had been relinquished.

Appellant takes issue with this conclusion and argues that mere vacancy or nonoccupancy of a residential building for a continuous period of one year is not sufficient to constitute a discontinuance of a nonconforming use under sec. 28.05, Madison General Ordinances. He contends that the city must prove that he *intended* to abandon the use of the buildings for residential purposes.

The issue presented here is similar to the issue before this court in the case of *State ex rel. Brill v. Mortenson.*[1] In *Mortenson* this court interpreted a Racine county ordinance containing a twelve-month-discontinuation clause. On rehearing the court stated:

"This raises the question of the meaning of the words 'discontinued for a period of twelve months' as used in this ordinance and as applied to a substituted nonconforming use. We construe these words to mean *termination or cessation of the nonconforming use for the twelve months' period.* The doctrine of voluntary abandonment as applied in *State ex rel. Schaetz v. Manders* . . . and in *State ex rel. Morehouse v. Hunt* . . . , is not to be extended and applied to substituted nonconforming uses in a county zoning ordinance limiting discontinuance of such nonconforming uses to a definite time limit."[2] (Emphasis added.)

Although in the present case this court is not dealing with a substituted nonconforming use, it nevertheless appears that *Mortenson* supports the proposition that the subjective test of voluntary abandonment is to be rejected in the face of a definite legislative time limit.

In support of his position, appellant relies primarily upon *State ex rel. Schaetz v. Manders*[3] and *State ex rel. Morehouse v. Hunt,*[4] both decided earlier than *Mortenson* and prior to the 1941 enabling statute which now appears as sec. 62.23 (7) (h), Stats. It is important that neither of the ordinances considered in these cases contained any limitation as to the period of time required to effect a discontinuance of a nonconforming use.

The pertinent provision of the Green Bay Zoning Ordinance considered in the *Manders Case* provided that:

[1] (1959), 6 Wis. 2d 325, 94 N. W. 2d 691, 96 N. W. 2d 603.

[2] *Id.* at page 331c.

[3] (1931), 206 Wis. 121, 238 N. W. 835.

[4] (1940), 235 Wis. 358, 291 N. W. 745.

". . . if such nonconforming use is discontinued, any future use of said premises shall be in conformity with the provisions of this ordinance." [5]

In construing this language, the court stated:

". . . We agree with the circuit court that ' "discontinuance," as it is used in the ordinance, cannot mean a temporary non-occupancy of the building or a temporary cessation of the business. . . . The word "discontinuance" as it is used in the ordinance is synonymous with abandonment. It connotes a voluntary, affirmative, completed act.' " [6]

Similarly, the Madison ordinance, no longer in existence, which was considered in the *Morehouse Case,* provided in part that:

". . . if such nonconforming use is discontinued, any future use of said premises shall be in conformity with the provisions of this chapter." [7]

Relying upon *Manders,* the *Morehouse* opinion stated:

". . . mere cessation of a nonconforming use under the terms of a zoning ordinance does not destroy the right to continue it or prevent the resumption of it . . . . Under the rule [of *Manders*] . . . discontinuance involves more than mere cessation. It involves abandonment." [8]

Further in *Morehouse,* there is language which indicates that the result might have been different if the ordinance then under consideration had contained a time limit similar to that in the ordinance now in effect. The court stated:

". . . There is nothing in the instant ordinance saying how long cessation of a nonconforming use shall continue

---

[5] Green Bay Ordinance, sec. 9 (1929), quoted in *Manders, supra,* footnote 3, at page 123.

[6] *Manders, supra,* footnote 3, at page 124.

[7] Madison General Ordinances, sec. 16.09 (1), quoted in *Morehouse, supra,* footnote 4, at page 372.

[8] *Morehouse, supra,* footnote 4, at pages 369, 370.

in order to constitute a deprivation of that use, a provision ordinarily, or at least often, contained in zoning ordinances. It must be conceded that cessation of a day or a month does not work deprivation of a nonconforming use, and there being no designated period, it must then be a matter of how long upon reason, cessation, under all the facts of the case, must continue in order to work deprivation." [9]

Soon after the decision in *Morehouse,* the legislature enacted ch. 203, Laws of 1941, which contained the provision that "[i]f such nonconforming use is discontinued for a period of 12 months, any future use of the building and premises shall conform to the ordinance." Pursuant to this enabling statute, sec. 28.05 (3) (f) 1, Madison General Ordinances, was adopted.

This change in the law renders inapplicable the doctrine of "voluntary abandonment" as contained in the *Manders* and *Morehouse Cases.*

McQuillin states:

"Discontinuance has been deemed equivalent to abandonment within the meaning of a zoning ordinance, and hence it involves the element of intention. But the length of discontinuance of a use is merely evidence of the intent to abandon the use and not a positive indication of abandonment, unless it be long continued and unexplained, or unless it is by ordinance made conclusive evidence of abandonment. A zoning ordinance or regulation may provide that the use of premises must conform to the ordinance or regulation if a nonconforming use thereof is discontinued for a designated period of time. Such an ordinance it is said should be strictly construed." [10]

In the New York case of *Franmor Realty Corp. v. Le Boeuf* [11] an ordinance with a twelve-month-discon-

---

[9] *Id.* at pages 370, 371.

[10] 8A McQuillin, Mun. Corp., *Zoning* (1965 revised), p. 45, sec. 25.193.

[11] (1951), 201 Misc. 220, 104 N. Y. Supp. 2d 247. *See Jahn v. Town of Patterson* (1965), 23 App. Div. 2d 688, 257 N. Y. Supp. 2d 639.

tinuance limit was interpreted to mean that the discontinuance of a business for more than one year resulted "in an abandonment regardless of whether or not there was any intention to abandon the nonconforming use." [12] The court noted that:

". . . it must be borne in mind that the policy of the law is the gradual elimination of nonconforming uses and, accordingly, ordinances should not be given an interpretation which would permit an indefinite continuation of the nonconforming use. (8 McQuillin on Municipal Corporations [3d ed.], sec. 25.189 and cases cited.)" [13]

We have spoken approvingly of the general principle:

"The spirit of zoning is to restrict rather than increase a nonconforming use and to eliminate such uses as speedily as possible." [14]

The policy of the Madison ordinance here is designed to carry out this well-accepted objective of sound zoning laws. The oral decision of the building inspections department and the reviewing decision of the zoning board of appeals are both well within the sound construction of that ordinance.

*By the Court.*—Judgment affirmed.

[12] *Franmor, supra,* footnote 11, at page 223.

[13] *Id. See* 2 Rathkopf, *Law of Zoning and Planning* (3d ed.), ch. 61, sec. 3, and cases cited note 4.

[14] 2 Rathkopf, *Law of Zoning and Planning* (1956 ed.), ch. 62, p. 75; quoted with approval in *State ex rel. Covenant Harbor Bible Camp v. Steinke* (1959), 7 Wis. 2d 275, 283, 96 N. W. 2d 356.