Harrison STURGIS, Jr., Petitioner-Appellant,

v.

## WINNEBAGO COUNTY BOARD OF ADJUSTMENT, Respondent.

Court of Appeals

*No. 86–2335. Submitted on briefs July 15, 1987.—Decided August 26, 1987.*
(Also reported in 413 N.W.2d 642.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Richard J. Carlson* of *Patterson, Jensen, Wylie, Silton & Seifert, S.C.* of Appleton.

On behalf of the respondent, the cause was submitted on the brief of *Gerald L. Engelding,* Winnebago County Corporation Counsel.

An amicus curiae brief was filed by *Daniel R. Goggin* of Neenah.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Harrison Sturgis, Jr. appeals from an order of the circuit court which affirmed a decision of the Winnebago County Board of Adjustment (the board). The board had sustained a determination by

the Winnebago County Zoning Administrator (the administrator) that 4X Corporation did not need a conditional use permit to commence quarrying on a particular parcel. We hold that when contiguous parcels are owned by the same entity and excavation operations are in existence on part of the land, all land constituting an integral part of the operation may be deemed "in use." Therefore, we affirm.

4X Corporation owns parcel 321, a thirty-acre tract where extraction operations are currently taking place. Immediately north of this is parcel 304–2 consisting of ten acres, also owned by 4X Corporation, where extraction has never taken place. Sturgis owns the land north of parcel 304–2.

In 1979, Winnebago county adopted a zoning ordinance which created a zoning district for landfill and mineral extraction uses, denoted as M–3. The ordinance provided for permits to be granted, as a matter of right, to all extractive operations existing at the time the ordinance was adopted. Conditional use permits are required for extensions of existing operations or the creation of a new extraction operation.

Both parcels owned by 4X Corporation were denoted as M–3 and given "existing operations" permits. Sturgis requested the administrator to interpret the ordinance to determine if parcel 304–2 was appropriately denoted an existing operation. The administrator concluded it was an existing use, and the board affirmed on appeal.

Sturgis sought certiorari review in the circuit court pursuant to sec. 59.99(10), Stats. The circuit court affirmed. Our standard of review is to determine: (1) whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether

its actions were arbitrary, oppressive or unreasonable; and (4) whether the evidence was such that the board might reasonably make the determination it did. *Federated Rural Elec. Ins. Co. v. Kessler,* 131 Wis. 2d 189, 205–06, 388 N.W.2d 553, 559 (1986).

The issue presented by Sturgis is whether the facts which were presented enabled the board to conclude that mineral extraction on parcel 304–2 was an existing operation within the meaning of the ordinance. We conclude that the facts were sufficient for the board to make such a determination.

The core of the dispute is whether the thirty-acre parcel, where extraction had started, and the ten-acre parcel, where it had not, can be considered one forty-acre parcel for the purpose of finding an existing use. We note that the thirty-acre parcel (321) is zoned M–2 and M–3, whereas the ten-acre parcel (304–2) is zoned M–1 and M–3.[1] We do not believe that the difference in zoning is dispositive of the issue because the M–3 classification is an overlay. This contemplates that although the entire area may currently have M–3 uses on it, extraction will eventually be completed and the area available for other purposes.

The relevant inquiry is 4X Corporation's intent and ownership of the property coupled with the unique use of extraction. Prior to the adoption of the ordinance, 4X Corporation owned both parcels of land and intended to extract minerals from both. As both parcels had been zoned M–3, it was reasonable for the board to consider the area as one parcel for the purpose of determining the extent of existing operations.

---

[1]M–1 is denoted "Light Industrial or Office District." M–2 is denoted "Heavy Industrial District."

Sturgis argues that a conditional use permit is required for extraction uses on 304-2; he also intimates that such a permit would be required for any expansion of extraction on parcel 321. To support his argument, Sturgis relies on a very narrow interpretation of "existing use." He insists that an "existing use" must be one that is active, not just intended. Sturgis' definition ignores a basic fact of the extraction process. As stated by the trial court, "[Y]ou can't dig on all the forty acres at one time."

Because of this unique nature of mineral extraction, many courts have adopted the "diminishing asset" rule, which we deem applicable here. As stated by the Illinois Supreme Court:

> This is not the usual case of a business conducted within buildings, nor is the land held merely as a site or location whereon the enterprise can be conducted indefinitely with existing facilities. In a quarrying business the land itself is a mineral or resource. It constitutes a diminishing asset and is consumed in the very process of use. Under such facts the ordinary concept of use, as applied in determining the existence of a nonconforming use, must yield to the realities of the business in question and the nature of its operations. *We think that in cases of a diminishing asset the enterprise is "using" all that land which contains the particular asset and which constitutes an integral part of the operation, notwithstanding the fact that a particular portion may not yet be under actual excavation.* It is in the very nature of such business that reserve areas be maintained which are left vacant or devoted to incidental uses until they are needed. Obviously, it cannot operate over an entire tract at once.

*County of Du Page v. Elmhurst-Chicago Stone Co.,* 165 N.E.2d 310, 313, (Ill. 1960) (emphasis added).

Sturgis contends that the diminishing asset rule cannot be used because: (1) it applies only to nonconforming uses; and (2) it cannot apply to two separate parcels. First, we perceive no significant distinction between nonconforming use cases and this case. In a nonconforming use case, a primary concern is determining the extent of the existing use. *See County of Columbia v. Bylewski*, 94 Wis. 2d 153, 170 n. 9, 288 N.W.2d 129, 138 (1980). In this case, the same question is crucial to resolution.

Regarding Sturgis' second contention, that the diminishing asset rule cannot apply to two separate parcels, our decision that the board could treat this as one parcel is dispositive of the matter.[2]

We therefore hold that when a single owner has contiguous parcels on which an excavation operation is in existence, all land which constitutes an integral part of the operation is deemed "in use," notwithstanding the fact that a particular portion may not yet be under actual excavation.

*By the Court.*—Order affirmed.

---

[2]We note the propriety of the diminishing assets rule when compared to the stated intent of the zoning ordinance:

> The intent of this district is to provide a means of properly regulating and reclaiming sites *which are located primarily by their geological characteristics* rather than to a planning and zoning process.

Winnebago County Zoning Ordinance 17.19(1) (emphasis added).