■ VILLAGE OF SPENCERPORT, Respondent, v. WEBACO OIL Co., INC., et al., Appellants.— Judgment unanimously affirmed, with costs. Memorandum: Although in the absence of special ordinance provision, intent to abandon a nonconforming use coupled with actual discontinuance of the use must be found in order to cause the loss of the right to maintain a nonconforming use (*Gauthier* v. *Village of Larchmont*, 30 A D 2d 303, 305; *City of Binghamton* v. *Gartell*, 275 App. Div. 457; 8A McQuillin, Municipal Corporations [1965, revd.], § 25.192; 2 Rathkoff, Law of Zoning and Planning, p. 61–3, § 2; 101 C. J. S., Zoning, § 198), the ordinance in this case provides that discontinuance of a nonconforming use for a period of one year shall result in the loss of the right to resume it without a permit. Such a provision is deemed to supply as a matter of law the element of intent, so that discontinuance of the nonconforming use for such period, if reasonable in length, amounts to an abandonment of the use (*Matter of Franmor Realty Corp.* v. *Le Boeuf*, 201 Misc. 220, affd. 279 App. Div. 795, mot. for lv. to reargue, den., 279 App. Div. 874; *Matter of Jahn* v. *Town of Patterson*, 23 A D 2d 688; see *Gauthier* v. *Village of Larchmont, supra*; 8A McQuillin, Municipal Corporations [1965, revd.], § 25.190; Anderson, Zoning Law and Practice in New York State, §§ 6.45, 6.46; 2 Rathkoff, Law of Zoning and Planning, p. 61–4, § 3). This construction, we believe, is consonant with the objects of municipal zoning (see *Matter of Harbison* v. *City of Buffalo*, 4 N Y 2d 553; and see 8A McQuillin, Municipal Corporations, [1965, revd.] § 25.189; Anderson, Zoning Law and Practice in New York State, §§ 6.47, 6.48). We affirm the finding of fact by the Trial Justice that the nonconforming use was discontinued for more than one year. (Appeal from judgment of Monroe Trial Term enjoining defendants from operating gasoline station.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM WALTER LEO SEYMOUR, Appellant.— Order unanimously affirmed. Memorandum: We find no merit in defendant's contentions regarding his second conviction in 1957. Although we feel that defendant was sufficiently punished, his attack on the 1953 conviction has become baseless and moot by reason of the expiration of his sentence thereon. (Appeal from order of Jefferson County Court denying, without a hearing, motion to vacate judgments of conviction for burglary, third degree, rendered June 4, 1953 and January 14, 1958.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM GIANNUZZI, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent.— Appeal unanimously dismissed as academic. Memorandum: Relator's adjusted maximum sentence expired September 4, 1969. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.