262 A.2d 628.

LINDBERG'S, INC. *vs.* ZONING BOARD OF REVIEW OF
THE CITY OF EAST PROVIDENCE.

MARCH 6, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought pursuant to the provisions of G. L. 1956, §45-24-20, seeking a review of a decision of the Zoning Board of Review of the City of East Providence wherein a special exception was granted permitting the applicant to erect and operate a gasoline service station on three lots of land located at the intersection of Pawtucket and Ferris Avenues. The writ issued, and the respondent has returned the pertinent records to this court.

It appears from the record that the Shell Oil Company, as lessee, and others, as the owners of these lots, made application for a special exception to erect the service station on lots 1, 2, and 3 on Assessor's Plat 37, which tract is presently zoned C-2 commercial uses. It further appears

that a gasoline service station had been operated on lot No. 1 for several years but that the operation thereof was discontinued some months prior to the instant application. The application seeks relief expressly under the provisions of sec. 32-29 (c) (2) of the zoning ordinance wherein the board is empowered to hear and decide special exceptions. In sec. 32-8 of the ordinance a gasoline service station is a permitted use in C-2 district only by way of a special exception.

The respondent argues that in granting the exception here under consideration the board did not abuse its discretion. It contends that a gasoline service station is a *permitted use* in a C-2 district and that the provisions of sec. 32-23 of the ordinance are merely regulatory of the manner in which that use may be implemented. Relying on *Westminster Corp.* v. *Zoning Board of Review,* 103 R. I. 381, 238 A.2d 353, respondent contends that the board had authority to permit a deviation from those provisions of the ordinance which are regulatory of the alleged permitted use. It is true that, in cases involving ordinance provisions which are merely regulatory of a permitted use, a board of review may permit deviations therefrom upon a showing that a literal enforcement of such regulatory provisions would have an effect so adverse as to preclude the full enjoyment by the owner of the land of the permitted use.

We cannot agree, however, that a gasoline service station is a permitted use in a C-2 commercial district under the pertinent ordinance. It is clear from the language of the ordinance that a gasoline service station is a *conditionally* permitted use in a C-2 district, and is granted only upon a showing that any conditions precedent to the grant thereof prescribed in the ordinance have been satisfied. It is settled that the standards set out in an ordinance prescribing conditions to be met, with respect to the grant of an exception prescribed therein, are conditions precedent to an exercise of the discretion of the board which must be satis-

fied prior to any affirmative action. *Melucci* v. *Zoning Board of Review*, 101 R. I. 649, 226 A.2d 416; *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R. I. 675, 210 A.2d 138.

The ordinance in sec. 32-29 (c) (2) in express terms requires that, before a special exception be granted, the intended use of the land be compatible with neighboring land uses, not create a nuisance in the neighborhood, not hinder future development of the city, and, specifically, in sec. (2) (d), "It shall conform to Sections 32-12 to 32-25 and all other applicable sections of this chapter." Section 32-23 entitled "Gasoline filling stations" provides that with respect to such "* * * the following requirements and design standards shall apply to all gasoline filling stations * * *." In sec. 32-23 (b) (3) it is specifically provided: "The filling station premises shall be located not less than two hundred feet from the premises of any park, playground, or other public recreational facility, school or municipal building, church or other place of worship, religious or educational institutions, cultural center, cemetery or hospital."

It is clear, then, that the ordinance prescribes as a condition precedent to the granting of a special exception for the operation of a gasoline service station that the premises be not less than 200 feet from a church or a cemetery. The record here discloses, and it is not disputed, that the premises to which the exception sought would apply are well within 200 feet of a church and a cemetery. In such circumstances, we are constrained to conclude that the board's grant of the exception constituted an abuse of its discretion.

There remains for our consideration respondent's contention that this court is without jurisdiction to review this decision on the ground that the petition for a writ of certiorari was not "* * * presented to the court within thirty (30) days after the filing of the decision in the office of the

board." Section 45-24-20. In support of this position respondent appears to argue that petitioner had actual knowledge of the decision at the time it was made, namely July 24, 1969, and that the 30-day period in which to present a petition to the court began to run as of that date. On this basis the petition would have been filed 35 days after it was made by the board.

We cannot agree. In our opinion, the pertinent terms of the statute are clear and unambiguous, and provide a potential appellant with a period of 30 days after the decision was filed in the office of the board. It is not disputed in this case that the office of the zoning officer of the city is the office of the board, and, in a communication from the zoning officer to counsel for the remonstrant, that officer disclosed that the decision was in fact filed in his office on August 1, 1969. It is clear, then, that the petition was timely filed and that this court had jurisdiction to review the actions of the board in granting this special exception.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*Donald A. McDonald,* for petitioner.

*Joseph T. Little,* Assistant City Solicitor; *William F. Fidalgo* (on behalf of Shell Oil Company), for respondents.