■ In the Matter of Rosa M. Hanna, Respondent, v. John L. Crossley et al., Constituting the Zoning Board of Appeals of the Town of Kirkland, Appellants.— Judgment unanimously reversed, without costs, and matter remitted to the Zoning Board of Appeals of the Town of Kirkland for further proceedings in accordance with the following Memorandum: The respondent Zoning Board of Appeals determined that the use of the property as a gasoline service station was discontinued for a period exceeding 12 months and, pursuant to the local ordinance in effect, could not be re-established. The board also denied petitioner's application for a variance. Special Term erroneously concluded that the nonconforming use of the premises as a gasoline service station had not been discontinued. ¶ Based on our decision in *Village of Spencerport* v. *Webaco Oil Co.* (33 A D 2d 634), we find that the nonconforming use was discontinued for more than one year and could, therefore, not be re-established. The ordinance in this case provided that "Vacancy of a non-conforming use building for a period of

twelve consecutive months" shall be deemed a discontinuance and such use shall not be re-established. There was ample uncontroverted evidence in the record to the effect that the use of the premises as a gasoline service station had been abandoned for at least five years. The fact that the petitioner-owner had relinquished possession to a tenant does not mandate a different result. The authorities are clear in holding that such ordinances are deemed to supply the element of intent as a matter of law (*Village of Spencerport* v. *Webaco Oil Co., supra*; *Baml Realty* v. *State of New York*, 35 A D 2d 857; 2 Rathkopf, Law of Zoning and Planning [3d ed.] p. 61-4). Petitioner could have protected his interest in maintaining the premises as a gasoline service station by inserting the appropriate terms in the lease. ¶ We must conclude, however, that the denial of the variance was not supported by the evidence and that the application therefor must be remitted to the Zoning Board of Appeals for reconsideration. The board made findings to the effect that the property in question cannot yield a reasonable return if used only in conformity with the presently permitted use and, further, that the plight of the owner is due to unique circumstances. While no appeal is taken from these findings, we cannot overlook the fact that the petitioner has the burden of showing that "'the land in question cannot yield a reasonable return if used for a purpose allowed in that zone'" (*Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39, 44). The evidence is insufficient in this respect. Similarly, we find error in the board's decision that the use to be authorized by the variance will alter the essential character of the locality (see *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71). The record is demonstrably lacking in support of this conclusion. We note, for example, that there is a commercial greenhouse and another service station in the immediate area; and that the record does not definitely describe the limits or bounds of the "area", which may possibly include uses of a similar nature as sought by petitioner. Furthermore, there is no factual evidence of any increase of traffic if the variance is allowed. Accordingly, the matter should be remitted for further evidence upon which proper findings may be based. (Appeal from judgment of Oneida Special Term annulling determination which denied building permit.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ. [67 Misc 2d 199.]