■   HIGHWAY OIL COMPANY, INC., Appellant v ZONING BOARD OF APPEALS OF THE CITY OF FULTON, Respondent.—Judgment unanimously affirmed, with costs, Simons, J. not participating. Memorandum: In December, 1974 petitioner Highway Oil Company executed a contract with Amoco Oil Company to purchase a parcel of land on which stood a closed gas station in the City of Fulton. The land is zoned "C-2 Central Business District". Paragraph B of section 80-11, of the Fulton Zoning Ordinance provides: "B. The following uses shall be permitted in any C-2 Central Business District, subject to the approval of the Board of Appeals: (1) Gasoline service station * * * (b) Any gasoline station which shall be inoperative for a period of ninety (90) days shall be deemed to be a discontinued use pursuant to this section, and before a gasoline service station may be reopened, application must be made to the Zoning Board of Appeals for its approval. [Added Sept.

5, 1972]" In April, 1975 a hearing was held to consider petitioner's application to rebuild and reopen the gasoline station which had been closed for more than 90 days. At the hearing petitioner's attorney described the proposed changes in and use of the premises. A representative of the Fulton Urban Renewal Agency spoke in opposition to the reopening, as did several operators of gas stations in the vicinity. Subsequently, although three of the five-member board voted in its favor and only two members voted to disapprove the application, it was denied because subdivision 1 of section 81 of the General City Law requires the favorable vote of four members to approve such requests. Petitioner then commenced this article 78 proceeding, seeking to vacate the determination of the board and direct it to approve the application. It now appeals from the Special Term order which dismissed its petition. Petitioner contends that section 80-11 (par B, cl [1], subd [b] is unconstitutional and void for vagueness on the ground that the ordinance fails to set forth standards to be applied by the board. Standards for the board's consideration are expressed, however, in section 80-35 (par C, cl [2]) of the ordinance, which clearly authorizes the board to consider the impact upon traffic conditions which would result from a proposed use. Additionally, one of the stated purposes of the ordinance is to lessen congestion in the streets. Petitioner further asserts that section 80-11 must be read so as to require evidence of an intent to abandon, and that there is no such evidence here. In considering an ordinance relating to the discontinuance of a nonconforming use, which is not the case here, this court has determined that an intent to abandon is established as a matter of law by the discontinuance of the use for the stated period, if the period of time is reasonable in length (Village of Spencerport v Webaco Oil Co., 33 AD2d 634). Although the application of such a construction to the present ordinance would raise a question as to the reasonableness of the prescribed period of discontinuance, petitioner does not attack the ordinance on this ground. Moreover, it is uncontroverted on this record that the gasoline station has been boarded-up and enclosed by a chain link fence since 1970. Such conduct on the part of the owner, in the absence of countervailing factors, would be sufficient to constitute an intent to abandon. The decision of the board is supported by substantial evidence that the reopening of a gas station will result in increased traffic congestion, and it may not be concluded that the board's determination was arbitrary, capricious or abusive of its discretion. Accordingly, that determination should not be altered (see *Matter of New York Inst. Technology v LeBoutillier*, 33 NY2d 125, 130; *Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20, 26). Finally, petitioner contends that subdivision 1 of section 81 of the General City Law unconstitutionally deprives it of equal protection of law by its requirement that four members of the board decide in its favor, as opposed to a simple majority. However, it has failed to meet its burden of establishing that claim and fails to rebut the presumption of constitutionality (see *Wiggins v Town of Somers*, 4 NY2d 215, 218–219). (Appeal from judgment of Onondaga Supreme Court—art 78). Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.