■ In the Matter of Sun Oil Company of Pennsylvania, Respondent, v Board of Zoning Appeals of the Town of Harrison et al., Appellants.— In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent-appellant board of zoning appeals which denied petitioner-respondent's application for a variance or, in the alternative, to declare a certain zoning provision to be void and unconstitutional as applied to petitioner's property, the appeal is from a judgment of the Supreme Court, Westchester County, entered September 28, 1976, which, *inter alia,* (a) annulled the determination and (b) declared the 1974 amendment to the Zoning Ordinance of the Town of Harrison to be unconstitutional and confiscatory as applied to petitioner's property. Judgment reversed, on the law, with costs, determination confirmed; it is declared that petitioner failed to demonstrate that the zoning ordinance, as amended, is unconstitutional as applied to its property, and proceeding otherwise dismissed on the merits. Prior to 1972 petitioner's predecessor-in-interest operated an automobile service station at the corner of Halstead Avenue and First Street in Harrison, New York. This is an area of substantial business and commerce and, at that time, the property in question was zoned as a "Commercial Business District". While automobile service stations were a permitted use in such a district, the owner of this *particular* service station would have needed a variance to rebuild and improve the existing structure inasmuch as it was within 1,200 feet of another service station and had a gasoline pump island within 25 feet of the curb. In June, 1972 petitioner's predecessor-in-interest obtained such a variance to rebuild and improve the existing structure. However, no construction was commenced and the variance lapsed in six months or, approximately, in January, 1973. At about this latter date, petitioner acquired title to the property, but failed to either sell or lease it until November, 1975, when a buyer agreed to purchase it if petitioner obtained a new variance and permits to rebuild and modernize the station. During the interim, not only was no gasoline sold or business otherwise conducted on the premises, but no tenant was in possession. Furthermore, in November, 1974 the area was rezoned to a multifamily residential district in accordance with a comprehensive plan. Petitioner applied for a new variance in accordance with its sales agreement. The zoning board, in May, 1976, denied the application on the ground that, by virtue of a town ordinance, any prior nonconforming use which had been discontinued for a period in excess of 10 months was deemed to have been abandoned and it was undisputed that the station had been shut down since January, 1973. Petitioner then commenced the instant proceeding. Special Term held, *inter alia,* that no abandonment of the prior nonconforming use had taken place owing to the lack of the petitioner's

intent to abandon, and that the zoning ordinance, as amended, was unconstitutionally confiscatory. We disagree. Special Term failed to appreciate that the effect of an ordinance concerning abandonment, such as the one in the instant case, is to automatically foreclose any inquiry as to the owner's intent to abandon if the specified period of time is reasonable on its face (as 10 months is). (See *Matter of Franmor Realty Corp. v Le Boeuf,* 201 Misc 220, affd 279 App Div 795, mot for lv to app den 279 App Div 874; accord *Gauthier v Village of Larchmont,* 30 AD2d 303, 306, mot for lv to app den 22 NY2d 646; *Village of Spencerport v Webaco Oil Co.,* 33 AD2d 634.) Furthermore, Special Term's reliance upon *Matter of Hanna v Crossley* (40 AD2d 577) is misplaced, inasmuch as the Fourth Department therein very clearly held that, under the circumstances, an abandonment had occurred by operation of a similar ordinance. However, the record in *Matter of Hanna* sustained a further finding that petitioner was entitled to a variance *de novo.* The petitioner has failed to demonstrate that it will receive no reasonable return under the permitted use, or that it will receive such a little return as would constitute a taking without due process (see *Matter of Otto v Steinhilber,* 282 NY 71, 76; *Williams v Town of Oyster Bay,* 32 NY2d 78, 80–81). It follows that petitioner has failed to demonstrate on the record that the zoning ordinance, as amended, is unconstitutionally confiscatory inasmuch as it does not prevent petitioner "from using his property for any purpose for which it is reasonably adapted" (see *Williams v Town of Oyster Bay, supra,* p 81). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.