# Town of Brighton v. Roger Griffin and William L. Davis

[532 A.2d 1292]

No. 85-136

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed April 3, 1987

Motion for Reargument Denied July 17, 1987

---

\* Justice Hayes heard oral argument, but took no part in the decision.

*Moore & Donnellan*, Island Pond, for Plaintiff-Appellee.

*Jean A. Swantko*, Island Pond, for Defendants-Appellants.

**Gibson, J.** Defendants appeal a decision of the Essex Superior Court enjoining them from selling gasoline, oil or other fuel from an auto service station in the Town of Brighton so long as the gasoline pumps and storage tank are not in compliance with the town's zoning ordinance. We affirm.

In June 1973, the Town of Brighton adopted a general zoning ordinance. At that time, Gerald Latouche operated a gasoline station in an area of town designated by the ordinance as commercial. The zoning ordinance permitted the operation of a gasoline station, denominated in the ordinance as an auto service station, in the commercial zone only if it first obtained a conditional use permit. The ordinance expressly provided, however, that an existing nonconforming use "may be continued indefinitely." The ordinance further provided that a nonconforming use "[s]hall not be reestablished if such use has been discontinued for a period of six months, or has been changed to, or replaced by, a conforming

use. Intent to resume a nonconforming use shall not confer the right to do so."

Under the provisions of the zoning ordinance, gasoline pumps must be at least fifty feet and storage tanks at least thirty-five feet from any property line. The gasoline pumps and the storage tank on the Latouche property were both located closer to the boundary lines of the property than the ordinance allowed. Inasmuch as these installations were in place prior to the adoption of the zoning ordinance, however, and since the station was in operation when the ordinance was adopted, the Latouche service station was entitled to continue in operation as an existing nonconforming use.

Mr. Latouche operated his auto service station until December 1978, after which time he discontinued the business, leaving the gasoline pumps and storage tank in place. In 1980, Mr. Latouche listed the property for sale. Defendant William L. Davis purchased the property in July 1981, and soon thereafter, defendant Roger Griffin resumed use of the premises as an auto service station.

In August 1983, defendant Griffin applied for a permit to build an addition to a garage building on the property. The board of adjustment, to which the application was referred, treated the application as one for a conditional use permit, and, after hearing, denied the application. Defendant Griffin took no appeal from the decision, but continued to operate the business as an auto service station, selling gasoline to the general public. In October 1983, the Town, through its administrative officer, gave defendant Griffin notice to cease and desist such operation, a notice that.defendant ignored. The Town thereafter brought the present action.

■ Defendants first contend that the trial court lacked jurisdiction. Their argument is based on the premise that the board of adjustment acted improperly in treating defendant Griffin's application as one for a conditional use permit and that the building permit should be deemed granted by operation of law. Even if such were the law, a claim we need not decide, it would not help defendants. Whether or not there were procedural defects in the board's proceedings and the building permit should have been granted, as defendants contend, the present action alleges that defendants violated the zoning ordinance by resuming operation of the auto service station following its discontinuance as a nonconforming use for a period in excess of six calendar months. The

grant of a building permit would not validate an otherwise unauthorized operation. The superior court clearly had jurisdiction to hear the Town's request for an injunction against the alleged continuing violation. 24 V.S.A. § 4445; V.R.C.P. 65.

■ Defendants further contend that improper administrative proceedings foreclosed defendant Griffin from filing a timely appeal of the board's decision. Defendants offer no explanation, however, as to why defendant Griffin made no attempt to file an appeal from the board's decision until more than one year had elapsed after it had been issued. Since no timely appeal was taken, the board's decision was never reviewed, and it may not be considered by us herein. Further, the issue as to the propriety of the board's action was not raised before the trial court and may not be raised for the first time on appeal. *City of Rutland* v. *McDonald's Corp.*, 146 Vt. 324, 331, 503 A.2d 1138, 1143 (1985).

Notwithstanding any alleged impropriety on the part of the administrative officer or the board of adjustment, the instant proceeding is an independent action, requiring the Town to prove that defendant needed a conditional use permit in order to operate an auto service station on the property. The outcome of the proceeding before the board of adjustment was not binding on the court or even a determining factor in the court's decision. Thus, defendants' quarrel with the administrative procedures is misplaced in this proceeding.

Defendants next contend that the trial court erroneously based its findings and conclusions on a provision of the zoning ordinance that was not in compliance with state law. They argue that the court enjoined use of the gasoline pumps and storage tank because these structures were located too close to the property's boundaries in violation of the zoning ordinance, whereas 24 V.S.A. § 4408(c) allows preexisting noncomplying structures to remain in existence "in perpetuity."[1] Defendants contend that since the structures must be allowed to remain in place, the use to which they are put may not be regulated.

■ Again, we note that no challenge to the validity of the zoning ordinance was presented to the trial court; this issue may not therefore be raised for the first time on appeal. *City of Rutland* v.

---

[1] Subsection (c) of § 4408 was repealed in 1980, but was in existence at the time the Town of Brighton adopted its zoning ordinance. The repeal of § 4408(c) does not affect its applicability to the validity of the ordinance. *State* v. *Sanguinetti*, 141 Vt. 349, 354, 449 A.2d 922, 925 (1982); 1 V.S.A. § 214(b).

*McDonald's Corp.*, 146 Vt. at 331, 503 A.2d at 1143. Further, the court made no order that the gasoline pumps or storage tank should be moved. Rather, the court found that the property had been used as an auto service station, that the use was a nonconforming use because the location of the gasoline pumps and storage tank did not comply with the requirements of the zoning ordinance, and that this use had been discontinued for more than six calendar months. For these reasons, it enjoined defendants from supplying gasoline or oil or other fuel for the propulsion of motor vehicles so long as the gasoline pumps and storage tank were not in compliance with the ordinance.

Defendants contend that the auto service station is a permitted, not a nonconforming, use within plaintiff's commercial district, however, and thus is not subject to the six-month discontinuance provision of the ordinance. We disagree. An auto service station is not permitted within the commercial district unless it complies with certain requirements set forth in the zoning ordinance[2] and receives a conditional use permit from the board of adjustment. The ordinance provides that the board may require additional conditions in addition to those specified in the ordinance if the board finds that such conditions are needed to carry out the intent of the Brighton Development Plan and related by-laws.

"Nonconforming use" is defined in the ordinance as a "[u]se of land or structure which does not comply with all Zoning Regulations for the district in which it is located, where such use conformed to all applicable law and regulations prior to enactment of these Regulations." Subsequent to plaintiff's adoption of its zoning regulations, the auto service station operated by Gerald Latouche did "not comply with all Zoning Regulations for the district in which it is located," in that it deviated in a number of respects from the requirements of the regulations, including the setback specifications for the gasoline pumps and storage tank; however, as a preexisting facility, the auto service station was le-

---

[2] Section 206.2 of the ordinance specifies that, in order for a conditional use permit to be granted, the proposed use shall not adversely affect: (1) the capacity of existing or planned community facilities; (2) the character of the area affected; (3) traffic on roads and highways in the vicinity; and (4) bylaws in effect, with special reference to the zoning regulations. Section 308 imposes requirements applicable to auto service stations regarding such aspects as location within the district, lot size, setback distances, signs, access driveways, and landscaping.

gally entitled to continue in operation despite the lack of a conditional use permit.[3] Since it neither had a conditional use permit nor complied in all respects with the zoning ordinance, defendants' auto service station was a nonconforming use within the meaning of the ordinance. Like other nonconforming uses, it was subject to losing its right to continue in operation if it ceased operations for six months or longer.

The Supreme Court of Rhode Island faced a similar question in *Lindberg's, Inc.* v. *Zoning Board of Review*, 106 R.I. 667, 262 A.2d 628 (1970). In that case, Shell Oil Company sought a permit for a gasoline service station to be operated on three lots in a commercial district. A gasoline service station had been operated on one of the lots for several years, but the operation had been discontinued "some months" prior to the application. In rejecting the oil company's contention that a gasoline service station was a permitted use in the district, the Court stated:

> We cannot agree, however, that a gasoline service station is a permitted use in a C-2 commercial district under the pertinent ordinance. It is clear from the language of the ordinance that a gasoline service station is a *conditionally* permitted use in a C-2 district, and is granted only upon a showing that any conditions precedent to the grant thereof prescribed in the ordinance have been satisfied. It is settled that the standards set out in an ordinance prescribing conditions to be met, with respect to the grant of an exception prescribed therein, are conditions precedent to an exercise of the discretion of the board which must be satisfied prior to any affirmative action.

*Id.* at 668-69, 262 A.2d at 629 (emphasis in original). The zoning board's permit was quashed by the Court because the gasoline service station violated one of the conditions set forth in the ordi-

---

[3] We do not reach the issue of what the rights of defendants would have been had a conditional use permit been issued prior to the discontinuance. See, e.g., *Township of Haverford* v. *Spica*, 16 Pa. Commw. 326, 333, 328 A.2d 878, 881-82 (1974) (property owner acquired vested right to use office building for commercial purposes in residential zone by virtue of long-term obvious commercial use of building, constructed pursuant to building permit that issued after zoning ordinance was adopted and that allowed for construction of office structure; court unable to find that property owner had a viable claim to a special exception, variance, or nonconforming use).

nance. In *V.S.H. Realty, Inc.* v. *Zoning Board of Review*, 120 R.I. 785, 792, 390 A.2d 378, 382 (1978), the Rhode Island Court reiterated its view that a conditionally permitted use is not synonymous with the phrase "permitted use."

■ We conclude that the trial court's findings are amply supported by the evidence, and its order is justified by the findings. Although a preexisting noncomplying structure may remain in place, once a nonconforming use of that structure is abandoned or discontinued, state law contemplates that a municipality may prohibit resumption of such use. 24 V.S.A. § 4408(b)(3).[4] See *Town of Chester* v. *Country Lounge, Inc.*, 135 Vt. 165, 167, 375 A.2d 414, 415 (1977) ("The existence of a hollow shell does not give the defendant a vested right" to a preexisting nonconforming use.); see also *Canada's Tavern, Inc.* v. *Town of Glen Echo*, 260 Md. 206, 209-11, 271 A.2d 664, 665-66 (1970) (nonconforming use as restaurant extinguished under provisions of zoning ordinance when restaurant ceased operating for more than six months); *Sun Oil Co.* v. *Board of Zoning Appeals*, 57 A.D.2d 627, 628, 393 N.Y.S.2d 760, 762 (1977), *aff'd on opinion below*, 44 N.Y.2d 995, 380 N.E.2d 328, 408 N.Y.S.2d 502 (1978) (nonconforming auto service station that ceased operating for more than ten months deemed abandoned under zoning ordinance); *Village of Spencerport* v. *Webaco Oil Co.*, 33 A.D.2d 634, 634, 305 N.Y.S.2d 20, 21 (1969) (nonuse of nonconforming auto service station for more than one year resulted in loss of right to resume operation without permit required by ordinance); *Longwell* v. *Hodge*, 297 S.E.2d 820, 823-24 (W. Va. 1982) (discontinuance of nonconforming restaurant for six months resulted in loss of right to resume operation under provisions of ordinance); *State ex rel. Peterson* v. *Burt*, 42 Wis. 2d 284, 291, 166 N.W.2d 207, 210-11 (1969) (nonuse of nonconforming residential buildings for more than one year justified city's order of discontinuance under ordinance).

---

[4] 24 V.S.A. § 4408(b)(3) provides:

    (b) To achieve the purposes of this chapter set forth in section 4302 of this title, municipalities may regulate and prohibit expansion and undue perpetuation of non-conforming uses. Specifically, a municipality may control:

    . . . .

    (3) Resumptions of non-conforming uses, by prohibiting such resumption if such use is abandoned for any period of time or if discontinued for six calendar months regardless of evidence of intent to resume such use
. . . .

Defendants place great reliance on *State* v. *Sanguinetti*, 141 Vt. 349, 449 A.2d 922, but that case does not help them. In *Sanguinetti*, this Court held that a zoning ordinance that was invalid when adopted, being beyond the scope of authority delegated to the municipality, did not acquire valid status when the statute it contravened was later repealed. Thus, if the zoning ordinance of the Town of Brighton were invalid, there would be no obstacle to the continued operation of defendants' auto service station. Such is not what occurred in the present case, however. There was no evidence that the Town's zoning ordinance was ever invalid, nor was this issue raised in the trial court. It is thus not properly before us. *City of Rutland* v. *McDonald's Corp.*, 146 Vt. at 331, 503 A.2d at 1143. The Town sought only to regulate the use of defendants' property, not control the location of structures thereon, and, as noted earlier, it was within its statutory rights in so proceeding. 24 V.S.A. § 4408(b)(3).

■ Defendants also contend the trial court committed prejudicial error when it excluded testimony offered by defendants, through an employee of the Vermont Agency of Development and Community Affairs, on the meaning of various provisions of Title 24 and the Brighton zoning ordinance. As a general rule, a witness may not give his opinion on questions of law, see *Holton Estate* v. *Ellis*, 114 Vt. 471, 476, 49 A.2d 210, 215 (1946), for the determination of such questions is exclusively within the province of the court. There was no error in the exclusion of this testimony by the court.

Other claims made by defendants to the effect that they were prejudiced by the trial court's failure to appoint counsel for defendant Griffin and the court's failure to rule on a motion to suspend temporarily the zoning administrator's order to cease and desist operation of the station are without merit.

*Affirmed.*

## On Motion for Reargument

**Gibson, J.** Upon the handing down of the opinion, appellant Roger Griffin filed a timely motion for reargument pursuant to V.R.A.P. 40.

■ The thrust of the motion was appellant's contention that the auto service station was not a nonconforming use, but, rather, a noncomplying structure, and could therefore continue in

perpetuity. Appellant has overlooked that part of the ordinance which defines nonconforming use as a *"use of . . . a structure which does not comply with all Zoning Regulations . . . ."* We do not hold, as appellant contends, that not meeting setback require-·ments constitutes a nonconforming use. It was the *use* of the non-complying structure which was prohibited in this case for failure to comply with all zoning regulations.

Nor do we, as appellant contends, equate nonconforming uses with noncomplying structures. The two concepts are clearly distinct. 24 V.S.A. §§ 4408(a)(1), (a)(2). The use to which the structures may be put, however, may be regulated. 24 V.S.A. § 4408(a)(1).

In response to the motion for reargument, we have recalled the opinion and revised it to clarify this issue. The revision does not affect the result.

*Motion for reargument denied.* See *Mancini v. Mancini,* 143 Vt. 235, 240, 465 A.2d 272, 275 (1983). *Appellant's motion to continue operation for thirty days from the date of this order is granted.*

