**COUNTY OF ISANTI, Respondent,**

v.

**Mary Ann PETERSON, et al.,**
**Appellants.**

**No. C0–90–2588.**

Court of Appeals of Minnesota.

May 7, 1991.

John G. Westrick, St. Paul and Peter I. Orlins, Richfield, for appellants.

Scott A. Hersey, Isanti County Atty. and William J. Robyt, Asst. County Atty., Cambridge, for respondent.

Considered and decided by PARKER, P.J., and NORTON and DAVIES, JJ.

## OPINION

PARKER, Judge.

Appellants challenge a judgment directing them to conform the use of property to the Isanti County zoning ordinance. They argue the trial court erred by placing the burden of proof on them and by applying the wrong legal standard for discontinuance of a nonconforming use. We affirm.

## FACTS

Appellants Mary Ann Peterson and Thomas Date purchased two adjacent parcels of land in Isanti County in 1979. Mary Ann Peterson and her husband, Dale Peterson, own Dale Movers, Inc., a company in the business of selling and transporting houses and other structures. Dale Movers stored houses on the land prior to 1972, when Isanti County enacted its zoning ordinance. Storage of houses is not a permitted use under the ordinance.

In November 1986 the county filed this action seeking an order compelling appellants to cease storing houses on the property. At trial appellants argued they had a vested right to continue this use as a valid nonconforming use which existed before passage of the zoning ordinance.

Two neighbors and the owner of a nearby garden center testified that no structures were stored on the land from the early 1970's until approximately 1983, when several barn-like sheds were placed on the land. However, appellants' witnesses testified that it has been continuously used for storing houses and other structures since 1972.

The garden center owner testified that his family grew corn on the land from 1968 to 1974. The two neighbors remembered corn growing on the property.

During the bench trial, the judge initially stated that appellants bore the burden of proving continuity. At the close of evidence, however, he stated he was not certain who bore the burden of proof.

The trial court concluded the nonconforming use had been legally discontinued because no structures were stored on the property from approximately 1972 to 1983; he also concluded the use was abandoned. By memorandum, he explained his analysis of the burden-of-proof problem: discontinuation of the nonconforming use constituted prima facie evidence of intent to abandon, which appellants failed to rebut. The trial court ordered appellants to cease storing houses on the property.

Appellants failed to move for a new trial. On appeal they allege the trial court erred by determining that discontinuance of the nonconforming use created a rebuttable presumption of intent to abandon the nonconforming use, and by placing on them the burden of proving that the nonconforming use was continuous.

## ISSUES

1. Does discontinuance for longer than one year terminate the right to a nonconforming use?

2. Does non-use for longer than one year create a rebuttable presumption of intent to abandon a nonconforming use?

## DISCUSSION

■ Because appellant has failed to move for a new trial, the only questions for review are whether the evidence sustains the findings of fact and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). Nevertheless, questions of law may be considered despite the absence of a motion for a new trial. *Schmidt v. St. Paul Fire & Marine Ins. Co.,* 376 N.W.2d 237, 239 (Minn.App.1985). Interpretation of a zoning ordinance is a question of law, reviewed independently on appeal. *Frank's Nursery Sales, Inc. v. City of Roseville,* 295 N.W.2d 604, 608 (Minn.1980).

### I

■ Appellants argue that a nonconforming use may be terminated by abandonment, but not by mere discontinuance.

Minn.Stat. § 394.36, subd. 1 (1990), provides that a nonconformity is terminated if it is "discontinued for a period of more than one year." The statute empowers boards of county commissioners to adopt ordinances "requiring nonconformities to conform with the official controls of the county." Minn.Stat. § 394.36, subd. 2 (1990).

The Isanti County Zoning Ordinance provides:

> In the event that a non-conforming use of any building or premises is discontinued or its normal operation stopped for a period of one (1) year, the use of the same shall thereafter conform to the regulation of the district in which it is located.

Isanti County Zoning Ordinance § 16, subd. 5(1) (1982).

> The fundamental aim of an appellate court construing a statute is to ascertain and give effect to the legislative intent. *County of Hennepin v. City of Hopkins,* 239 Minn. 357, 362, 58 N.W.2d 851, 854 (1953).

*In re Copeland,* 455 N.W.2d 503, 506 (Minn.App.1990), *pet. for rev. denied* (Minn. July 31, 1990). "No room for judicial construction exists when the statute speaks for itself." *Commissioner of Revenue v. Richardson,* 302 N.W.2d 23, 26 (Minn.1981).

Municipal ordinances are drafted in terms of "discontinuance," rather than "abandonment," to avoid the necessity of proving intent to abandon a nonconforming use. 8A E. McQuillin, *The Law of Municipal Corporations* § 25.193 (3d ed.1986); Annotation, *Zoning: Right to Resume Nonconforming Use of Premises after Voluntary or Unexplained Break in the Continuity of Nonconforming Use,* 57 A.L.R.3d 279, § 3 (1974).

The courts of most states interpret "discontinuance" to mean "abandonment" in

this context. *Id.;* 1 Anderson, *American Law of Zoning* § 6.68 (3d ed.1986). However, a "growing minority" of state courts apply discontinuance provisions according to their plain meaning. *Hartley v. City of Colorado Springs,* 764 P.2d 1216, 1224–25 (Colo.1988); *see Essex Leasing v. Zoning Bd. of Appeals,* 206 Conn. 595, 539 A.2d 101 (1988) (where separate termination provisions existed for "cessation" and "abandonment"); *Bartlett v. Board of Appeals,* 23 Mass.App.Ct. 664, 505 N.E.2d 193 (1987) (enabling statute allowed termination of nonconforming uses "abandoned or not used" for two years); *Town of Brighton v. Griffin,* 148 Vt. 264, 532 A.2d 1292 (1987).

Both Minn.Stat. § 394.36 and section 16 of the Isanti County Zoning Ordinance clearly state that discontinuation of a nonconforming use for one year results in termination of that use. This court cannot amend these unambiguous provisions by placing upon counties the burden of having to prove that a landowner intended to abandon a discontinued nonconforming use.

Contrary to appellants' position, our case law does not require proof of abandonment. *See Hooper v. City of St. Paul,* 353 N.W.2d 138, 140 (Minn.1984) (nonconforming uses may continue until removed or otherwise discontinued). The trial court properly concluded that appellants' right to continue the nonconforming use was terminated by reason of its discontinuance.

## II

■ The trial court also concluded that appellants abandoned the nonconforming use. Following *City of Minot v. Fisher,* 212 N.W.2d 837 (N.D.1973), the trial court determined that appellants' discontinuance of the nonconforming use created a presumption of intent to abandon which appellants failed to rebut. Appellants argue that the trial court erred in recognizing a presumption of intent to abandon. We disagree.

■ Abandonment ordinarily entails two factors: (1) intent to abandon, and (2) an overt act or failure to act indicating the owner no longer claims a right to the nonconforming use. 8A McQuillin at § 25.192.

In *City of Minot* a mortuary's nonconforming use was discontinued for longer than the applicable one-year termination ordinance because of flood and an inability to find a new tenant. The North Dakota Supreme Court determined that a presumption of intent to abandon arises upon expiration of the applicable termination period unless cessation of the use is beyond the control of the property owner. *City of Minot,* 212 N.W.2d at 841. The court held that the nonconforming use could continue because cessation was beyond the control of the mortuary. *Id.*

> The requirement of intent to abandon is the most imposing obstruction to municipal attempts to terminate nonconforming uses which have been dormant for a period of time.

1 Anderson, § 6.68. Where a nonconforming use has been dormant for longer than one year, a presumption of intent to abandon is proper. It ameliorates the municipality's severe burden of having to prove affirmatively its opponent's intent. The landowner is free to present evidence that he intended to continue the use or that cessation was beyond his control. Other states have adopted this rule. *See Martin v. Beehan,* 689 S.W.2d 29 (Ky.App.1985); *Williams v. Salem Township,* 92 Pa. Cmwlth. 634, 500 A.2d 933 (1985), *app. den.* 516 Pa. 615, 531 A.2d 781 (1987).

■ The trial court determined that appellants failed to present any credible evidence that they intended to continue the use or that its cessation was beyond their control. He found agricultural use of the land to be an overt act demonstrating abandonment of the nonconforming use. The trial court concluded the use was abandoned. This conclusion is supported by the evidence and by the trial court's findings.

Appellants argue that the trial court impermissibly placed the burden of proof on them. This argument mischaracterizes a preliminary discussion by the trial court. The trial court's memorandum demonstrates that appellants were not inappropriately burdened.

## DECISION

The trial court correctly determined that appellants forfeited the right of nonconforming use by discontinuing it for longer than one year.

Affirmed.