DECISION
This case is before the Court on appeal from a decision of the City of Warwick Zoning Board of Review (hereinafter referred to as the Board) pursuant to § 45-24-69 of the Rhode Island General Laws 1956, as amended. The appellant, Exxon Corporation, is appealing a May 13, 1996, decision that denied its request to remove certain previously imposed conditions upon a gas station operation at 3344 West Shore Road in Warwick, Rhode Island, that will now be operated as a gas station with a retail convenience store including the sale of fast-food items. Before this Court are (i) the certified records on appeal, including the Board's decision and exhibits from the hearing held on April 23, 1996, and (ii) memoranda of counsel.
FACTS/TRAVEL
In 1981, the Warwick Zoning Board of Review granted variances for real estate located at 3344 West Shore Road in Warwick, Rhode Island, specifically referred to as Assessor's Plat 364, Lot 17. These variances allowed the applicant to construct a canopy with less than required setback from front and corner side lot lines, and to have a sign larger and higher than allowed by the Ordinance. The variance also contained particular conditions, including a restriction that the gas station hours of operation should only be between the hours of 6 a.m. and 10 p.m. and the requirement that should the lessee change, the owner must come back before the Zoning Board of Review. See Exhibit 1.
On March 29, 1996, Exxon Corporation, the owner of the property, applied to the Board for multiple variances and "the removal/modification of the previously imposed conditions." See Application for Variances, March 29, 1996. Specifically, the application requested relief from Sections 421, 906.3(D) of the Warwick Zoning Ordinance with respect to the proposed expansion of the use of the building from a gasoline filling station to a gas station (with no repairs) with retail convenience store including the sale of fast-food items. Id. The application also sought relief from the previously imposed conditions. Id.
On April 23, 1996, at a properly advertised, scheduled hearing, the Board heard testimony regarding the application for multiple variances concerning the property at 3344 West Shore Road. The Board heard testimony from James Salem, a recognized traffic expert who testified on behalf of the applicants, along with Dale Harris of Ayoub Engineering, and Leon L'Heureaux, a real estate expert who also testified on behalf of the applicants. In addition, the Board received comments from the Planning Board which were read into the record. The Board also heard from Alfred Gemma, a city councilman from Ward 7 in Warwick, who objected to the application, as well as several other members of the community who objected to the application. At the conclusion of the hearing, the Board voted to approve the application for the requested variances but denied the request to remove the previously imposed conditions. See 4/23/96 Record.
The appellant filed a timely appeal to this Court asserting that the conditions attached are not provided for in the Warwick Zoning Ordinance. The appellant also contends that the conditions are arbitrary and capricious and thus an abuse of discretion. In addition, the appellant argues that imposition of those stipulations is clearly erroneous in view of the evidence of record.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
THE SPECIAL USE PERMIT
A review of the record reveals that the applicant requested a special use permit in order to replace an existing gasoline service station with repairs with a gas station with a retail convenience store and fast food operation. See Exhibit D. The purpose of the special-use permit in the context of zoning is to establish within the ordinance "conditionally permitted" uses.Nani v. Zoning Board of Review, 104 R.I. 150, 242 A.2d 403
(1968); Westminster Corp. v. Zoning Board of Review,103 R.I. 381, 238 A.2d 353 (1968). The fact that a particular use is allowed in a zoning district by special permit means that the municipality has already determined that it is an appropriate use for the district. Nani v. Zoning Board of Review, 104 R.I. 150,242 A.2d 403 (1968) (uses permitted by special exception are those which the local legislature has conditionally permitted and has, at least implicitly, found to be harmonious with those uses which are permitted in the district). As such, it cannot be excluded by a decision of the zoning board unless the standards for such special permit are not satisfied with respect to its establishment at a particular site or location. Perron v. ZoningBoard of Review of Burrillville, 117 R.I. 571, 369 A.2d 638
(1977). A zoning board which expresses rejection of an application for a special permit in terms which would effectively bar the use anywhere in the district is, in effect, attempting to administratively veto a use conditionally authorized by the municipality. Hicks v. Warwick Zoning Board of Review,527 A.2d 1136 (R.I. 1987).
In order to award a special permit, there must be a specific provision in the local ordinance which authorizes the proposed use by such special permit. The rules and regulations which govern the exercise of the board's authority to award that grant are found in the local ordinance as well. The board must consider all criteria specified in the ordinance in order to properly award a special permit. See Guiberson v. Roman Catholic Bishop ofProvidence, 112 R.I. 252, 308 A.2d 628 (1973); Lindberg's Inc. v.Zoning Board of Review, 106 R.I. 667, 262 A.2d 628 (1970);Piccerelli v. Zoning Board of Review of Barrington, 107 R.I. 221,266 A.2d 249 (1970). Where the conditions and requirements are satisfied, it is an abuse of discretion to deny the requested special-use permit. See Salve Regina College v. Zoning Board ofReview of Newport, 594 A.2d 878 (R.I. 1991).
Section 421 of Table 1 in the Warwick Zoning Ordinance specifically provides for a gas station with a retail convenience store in a general business zone by a special use permit. According to § 906.3(c) of the Warwick Zoning Ordinance, when granting a special use permit the Board shall require that evidence of the following standards be entered on the record of the proceedings:
 "(1) That the special use is specifically authorized by this ordinance, and setting forth the exact subsection of this ordinance containing the jurisdictional authorization;
 "(2) That the special use meets all of the criteria set forth in the subsection of this ordinance authorizing such special use; and
 "(3) That the granting of the special use permit will not alter the general character of the surrounding areas or impair the intent or purpose of this ordinance or the comprehensive plan of the city."
The ordinance further provides that when granting a special use permit the Board may apply special conditions to the permit in order to promote the intent and purposes of the comprehensive plan for the city and the zoning ordinance. See § 906.3(D) of the Warwick Zoning Ordinance. These conditions may include, but are not limited to, provisions for the following:
 "(1) Minimizing adverse impact of the development upon other land, including the type, intensity, design, and performance of activities;
 "(2) Controlling the sequence of development, including when it must be commenced and completed;
 "(3) Controlling the duration of use or development and the time within which any temporary structure must be removed;
 "(4) Assuring satisfactory installation and maintenance of required public improvements;
 "(5) Designating the exact location and nature of development; and
 "(6) Establishing detailed record by submission of drawings, maps, plats, or specifications." Id.
On appeal, the applicant is not challenging the granting of the special use permit; however, it is contesting the conditions that were attached to the special use permit.
The record in the instant matter reflects that the applicant presented competent evidence for the Board to grant the requested special use permit. The Board granted relief under Table 1 Use Regulation § 503 and § 503.1 for a General Business Zone concerning a convenience store and fast food operation and imposed the following conditions:
 "1. That the hours of operation shall be between 6 a.m. and 10 p.m.
 "2. That the owner must repetition the Zoning Board of Review upon a change of lessee. . . ." May 13, 1996, Written Decision of the Warwick Zoning Board of Review.
The appellant contends that a limitation on the hours of operation does not fall into any of the six (6) categories specified in § 906.3(D) of the Warwick Zoning Ordinance concerning special conditions attached to special use permits. The Court finds this argument to be without merit. As previously stated, § 906.3(D)(1) of the Ordinance clearly allows the Board to apply special conditions in order to minimize the adverse impact of the development upon other land, including the type, intensity, design and performance of activities. (Emphasis added.) Moreover, while the Public Safety Board has jurisdiction to control the hours of operation between 12 a.m. and 5 a.m., there are no other regulations in the Ordinance that limits the Board's authority to restrict hours of operation if there is competent evidence of record to support the restriction. A review of the record indicates that the Board had before it substantial evidence to support the imposition of a condition regarding the hours of operation for the gas station/convenience store. For instance, the decision itself states that the members of the Board viewed the property in question. See Toohey v. Kilday,415 A.2d 732 (R.I. 1980) ("Certainly a board may consider probative factors within its knowledge in denying the relief sought or may acquire adequate knowledge through observation and inspection on a view.") Furthermore, a board is not limited by the opinions of a qualified expert witness. See Smith v. Zoning Board of Reviewof Warwick, 103 R.I. 328, 237 A.2d 551 (1968). In addition, the Board had before it the testimony of Ivo Stockar, the Deputy Director of the Warwick Planning Department, who advised the Board to grant the application for a special use permit as long as the hours of operation should only be between the hours of 6 a.m. and 10 p.m. Thus, this Court finds that the Board's stipulation concerning the hours of operation is provided for in the Warwick Zoning Ordinance. In addition, the stipulation was supported by substantial evidence and is not arbitrary and capricious.
The appellant also asserts that the stipulation requiring the owner of the property to go back before the Board if there is a change in lessee is not provided for in the Ordinance. This Court agrees. It is a well-settled legal principle that a Board cannot impose conditions that allow the exception to apply only so long as the named applicant should operate the premises, and accordingly do not run with the realty or pass to the owner's lessees. Olevson v. Narragansett Zoning Board, 71 R.I. 303, 308 (1945). Such a condition amounts to a mere license or privilege to an individual and is not related to the use of the property and the zoning thereof. Id. Therefore, this Court finds that the Board's stipulation requiring the owner to go back to the Board upon a change in lessee constituted an error of law. As a result thereof, the appellant's rights with respect to this condition have been prejudiced. In view of the fact that this condition is not the chief element or substantial basis of the decision, only the stipulation concerning the change of lessee is reversed.
Accordingly, the May 13, 1996, written decision of the Warwick Zoning Board of Review is affirmed in part, and reversed in part as to the attached stipulations.
Counsel for the prevailing party shall submit an appropriate judgment for entry.