VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 105-9-19 Vtec



| Town of Pawlet v Daniel Banyai |
| --- |

# ENTRY REGARDING MOTION

Title:          Motion for Preliminary Injunction (Motion: 5)

Filer:          Merrill E. Bent, attorney for the Town of Pawlet

Filed Date:     January 04, 2021

(No specific response to this motion)

**The motion is GRANTED.**

The Town of Pawlet ("Town") asks this Court to issue a preliminary injunction, barring Defendant Daniel Banyai ("Defendant") from using his property as a school or firearms training facility until he applies for and receives the necessary municipal land use permits for such purposes. Defendant has not filed a specific objection to the Town's motion, although he has filed a post-trial brief, contesting the Town's enforcement action. To the extent that Defendant has stated claims that could be read as challenges to the Town's injunction request, we address them here.

We begin our analysis of the pending motion by noting that these proceedings are made less complex by the failure of Mr. Banyai to timely file an appeal from the notice of alleged zoning violation ("NOV") issued by the Town of Pawlet Zoning Administrator ("ZA"), dated August 29, 2019 and served upon Mr. Banyai by both first class and certified mailings. *See*, Town of Pawlet v. Banyai, No. 105-9-19 Vtec (Vt. Super. Ct. Envtl. Div. June 5, 2020) (Durkin, J.) (hereinafter SJ Decision). While the regular mailing was returned to the Town after it had been marked "refused," we have already ruled that service upon Mr. Banyai was completed by certified mailing, in accordance with 24 V.S.A. § 4451(a). SJ Decision at 5 (*citing* Town of Sharon v. Walter Radicioni, No. 56-6-18 Vtec, slip op. at 1, 3 & n.2 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2018) (Durkin, J.)).

We have further already ruled that due to his failure to file a timely appeal the NOV served upon him, Mr. Banyai relinquished his right to challenge the factual and legal representations contained in the NOV. Id. at 5–6; see 24 V.S.A. § 4472(d) (establishing that failure to timely appeal binds all interested parties to determinations made by the decision or act). Thus, we turn to the NOV do determine whether the conceded facts warrant a granting of the requested preliminary injunction.

The uncontested NOV established that Mr. Banyai, the then owner of a 30± acre parcel at 541 Briar Hill Road, had "erected multiple structures in violation [of the applicable zoning]

provision, and . . . [was] operating a training facility/shooting school in violation of this [same zoning] provision." See Town's Exhibit D: Notice of Zoning Violation filed on Dec. 14, 2020, at 1. The NOV directed that, " [t]o cure the violation of the Town of Pawlet Unified Bylaws, [Mr. Banyai] must eliminate the unpermitted uses on the property, remove all unpermitted buildings, and not allow unpermitted uses to resume on the property." Id.

The ZA also noted in the NOV that "[t]he only permitted use on the 541 Briar Hill Road property is a 24' by 23' garage/apartment that was approved (Application #18-10-05) on October 5, 2019 by the Zoning Administrator." Id.

Following the issuance of the SJ Decision, the Court conducted a merits hearing on December 16, 2020. Both Mr. Banyai and Attorney Bent appeared at that hearing, via WebEx video conference, and offered testimony and other evidence. The parties have both submitted their post-trial briefs. The merits decision will come under advisement once the parties time to file reply briefs expires on Monday, February 1, 2021.

During the merits hearing, Defendant challenged the actions of the Town and its agents, but did not contest the primary allegations in the Town's complaint: that he and his agents had erected buildings on Defendant's property without receiving the necessary zoning permits and were using those unpermitted buildings as a school or other use for which Defendant had not received prior approval.

Defendant also did not present credible evidence to contest the Town's presentations that his unpermitted activities, namely, operation of a tactical shooting facility, with one or more shooting ranges, had been the source of abutting neighbors' concerns and threats to them. Further, Defendant did not specifically contest the Town's assertion that his use of the unpermitted buildings continued unabated, through the date of our trial. Defendant has also made no effort to apply for or obtain the municipal land use permits necessary to authorize his buildings, other than the garage/apartment building previously approved. *See*, Town of Pawlet Unified Bylaws, Art. VIII, § 2 (noting that "[n]o building construction or land development may commence and no land or structure may be devoted to a new or changed use within the municipality without a zoning permit duly issued by the Zoning Administrator in accordance with . . . [24 V.S.A. §] 4449.").

During the merits hearing, the Town's attorney made an oral motion, requesting that the Court issue an immediate preliminary injunction, prohibiting Defendant from operating the school or training facility activities while the Court researches and deliberates in anticipation of issuing its merits decision. The Court noted that it would consider the evidence presented during the merits hearing in its review of the Town's injunction request, but directed the Town's attorney to file its motion in writing, so that Defendant would have an opportunity to respond to the injunction request as well. The Town filed its preliminary injunction motion on January 4, 2021. As noted above, defendant has not filed a specific response to the Town's injunction request.

We first note that our Supreme Court has clearly established that a trial court, hearing a zoning enforcement action, may enjoin a property owner from using buildings in a manner that violate the applicable zoning provisions. *See*, Town of Brighton v. Griffin, 148 Vt. 264, 267–268 (1987). The Griffin court specifically stated that an injunction against the use of a building or other land improvements may be issued prior to any order to remove the offending building or improvements. Id.; *see also* 24 V.S.A. § 4445; V.R.C.P. 65. The issue of whether Defendant here should be directed to remove buildings that have allegedly not received the necessary municipal land use permits is a subject that the Court anticipates addressing in its merits decision.

An injunction "is generally regarded as an extraordinary remedy and [should] not be granted routinely unless the right to relief is clear." Committee to Save the Bishop's House v. Medical Center Hospital of Vermont, Inc., 136 Vt. 213, 218 (1978), (*citing* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2942, at 368 (1973)). Our Rule 65(d) of the Vermont Rules of Civil Procedure, made applicable to proceedings before this Court by V.R.E.C.P. 3, requires that the trial court "set forth the reasons for [the injunction's] issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is only binding upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice . . .." V.R.C.P. 65(d). When considering a preliminary injunction request, the Court must consider: (1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest. *See* In re J.G., 160 Vt. 250, 255 n.2 (1993); Hulstrunk v. Ultracell Insulation, LLC, No. 110-7-18 OECV, slip op. at 8 (Vt. Super. Ct. Sep. 18, 2018) (Harris, J.) (*citing* Taylor v. Town of Cabot, 2017 VT 92, ¶ 19, 205 Vt. 586 (2017)). We have crafted this Entry order and adopted the proposed Preliminary Injunction order to comply with the Rule 65(d) directives.

It is difficult for this Court to imagine an alleged zoning violation that could be the source of more significant irreparable harm than an unpermitted shooting range. When a land development begins prior to the necessary review under applicable land use regulations, the consequences that flow from the unpermitted use include a complete lack of notice to town officials and its citizens of what activities are occurring on a property and a review of whether those activities may cause risks to neighbors and other citizens. *See* Taylor v. Town of Cabot, 2017 VT 92, ¶ 40 (noting that if the root of the claim for a preliminary injunction appears to have no adequate alternative remedy in the form of damages or other relief, then an injunction may be used) (*citing* C. Wright & A. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2017)). Therefore, we recognize the potential harm to other parties and the public interest in adequate notice of unpermitted activities. The third factor, likelihood of success on the merits, is inconclusive in this case as this Court is currently undergoing deliberation of a merits decision. Thus, we give this factor neutral weight in our analysis. *See* Costco Final Plat & Site Plan Appeal, No. 104-8-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. May 17, 2020) (Durkin, J.) (discussing likelihood of success on the merits). Compounding these concerns is the Defendant's refusal of the Town's and this Court's requests to conduct a site visit of his property.. Given the high risk of potential harm to other parties and the public interest in adequate notice of an unpermitted shooting range's potential activities, we conclude that a preliminary injunction in this case is merited.

For all these reasons, we hereby **GRANT** the Town of Pawlet's request for a preliminary injunction. By the term added by the undersigned to the proposed Injunction Order presented by the Town, we conclude that the Injunction Order issued today satisfies the requirements of V.R.C.P. 65. This Injunction shall continue from the moment it is received by Defendant Banyai and until further order of this Court.

*Entry Regarding Motion*                                                                                                    *Page 3 of 4*

*Town of Pawlet v Daniel Banyai*, No. 105-9-19 Vtec (Entry Order on Prelim. Injunction Motion) (Jan. 21, 2021)

**So Ordered.**

Electronically signed on January 21, 2021 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division